Willie SMART, Appellant,

v.

Romeo VILLAR, Chief Medical Officer, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 75–1717.

United States Court of Appeals, Tenth Circuit.

Argued Aug. 25, 1976.

Decided Dec. 30, 1976.

---

Leonard D. Munker, Federal Public Defender, Wichita, Kan., for appellant.

Roger M. Theis, Asst. Atty. Gen., Topeka, Kan., for appellee.

Before HILL, SETH and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

The appellant, Willie Smart, a Kansas state prisoner, commenced by a pro se complaint this Civil Rights action (42 U.S.C. § 1983) against the physician at the state prison. Plaintiff-appellant asserted that he was denied proper medical care in that he should have had a diagnosis and testing at a medical facility outside the state prison where other procedures were available.

Plaintiff sought to proceed in forma pauperis, and his complaint was lodged with the Clerk of the United States District Court for the District of Kansas. No responsive pleadings were filed, and the trial judge, on an examination of the complaint, concluded that the plaintiff asserted only differences of opinion with the defendant as to diagnosis and treatment. The trial court further concluded that the complaint showed no deprivation of a constitutional right under 42 U.S.C. § 1983, and thereupon ordered that plaintiff be allowed to proceed

in forma pauperis, ordered that the complaint be filed, and the action be dismissed. The plaintiff has taken this appeal.

■ We have held in several cases that in a section 1983 action, the complaint itself must show a deprivation of a right or immunity protected by the Constitution. *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.); *Bethea v. Crouse*, 417 F.2d 504 (10th Cir.). The appellant asserts that the trial court should have required responsive pleadings to develop this issue, and not to do so is to fail to afford prisoners access to the federal courts, citing *Silver v. Cormier*, 529 F.2d 161 (10th Cir.).

The procedure followed by the trial court under 28 U.S.C. § 1915 has previously been considered by this court. We have held that the trial court should examine the motion to proceed in forma pauperis under 28 U.S.C. § 1915, exercise its discretion, and state its reasons if a dismissal is ordered. We considered the required determination and statement of reasons in *Harbolt v. Alldredge*, 464 F.2d 1243 (10th Cir.); *Oughton v. United States*, 310 F.2d 803 (10th Cir.), and *Ragan v. Cox*, 305 F.2d 58 (10th Cir.). We also fully considered the procedure in *Redford v. Smith*, 543 F.2d 726 (10th Cir.) (filed September 9, 1976).

The procedure in the case before us was essentially the same as that followed by the trial court in *Gamble v. Estelle*, 516 F.2d 937 (5th Cir.). This cited case was recently considered by the Supreme Court in *Estelle v. Gamble*, —— U.S. ——, 97 S.Ct. 285, 50 L.Ed.2d 251. The Supreme Court there considered a dismissal by the trial court, and found it to have been correct. The Court made no comment on the trial court procedure in handling the pro se, forma pauperis petition, that is in receiving, considering, filing, and dismissing. The Court there quoted from *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, and examined the section 1983 pro se complaint under the *Haines* standard. The Court, as indicated, found the dismissal as to the doctors to have been correct, but the case was remanded as to other defendants. This we must take as an approval of the sequence of

lodging, considering the forma pauperis motion, the filing, and the dismissal (where proper) as was followed by the trial court in this case here on appeal.

■ The Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, considered a pro se complaint and stated that less "stringent standards than formal pleadings drafted by lawyers" be applied when considering motions to dismiss. The Court therein then referred to *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, and further said that a claim can only be dismissed when it appears ". . . beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." This is the standard the trial court here applied, and correctly so.

As to the merits again, *Estelle v. Gamble* holds:

". . . Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

■ The Court said also in *Estelle* that before there can be a constitutional claim, ". . . a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs," or that there be an intentional denying or delay of access to medical care. Thus: "Regardless of how evidence, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."

■ In *Estelle v. Gamble*, the Court detailed the series of visits by the prisoner to the medical officers, the medication received, the rest, and the series of events where consideration was given to his complaints. In the case before us, we have a similar series of sick calls, examinations, diagnoses, and medication. The complaint thus alleges this series of events and it cannot be said there was a "deliberate indifference" to the prisoner's complaints. The petitioner urges that other examinations and diagnoses should be made; however, in *Estelle* the Court commented on the prisoner's contention that there should have been X-rays taken of his back. Of this, the Court said: ". . . A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."

■ As to procedures and treatment, we must refer to our decisions which consider a difference of opinion as to treatment or diagnosis between the prisoner and the medical staff of the prison, as in *Estelle*. We have consistently held that the existence of such a difference cannot alone give rise to a cause of action, and if the complaint indicates that such is the case, it must be dismissed. *See Henderson v. Secretary of Corrections*, 518 F.2d 694 (10th Cir.); *Paniagua v. Moseley*, 451 F.2d 228 (10th Cir.), and *Coppinger v. Townsend*, 398 F.2d 392 (10th Cir.). This position is entirely consistent with the *Estelle* decision. It considers a frequently occurring aspect of prison medical service in a situation where the diagnosis and treatment is proceeding. The matter is thus beyond the "deliberate indifference." This really is the X-ray issue quoted above from *Estelle*. The complaint here alleges that the prisoner does not agree with the medical procedures, nor with the diagnosis, nor with the treatment he has received from time to time. Thus the trial court was correct in its procedure and in the dismissal.

AFFIRMED.