Donovan B. GILLIAM, Petitioner,

v.

T.C. MARTIN, Warden and Norman A. Carlson, Director, United States Bureau of Prisons, Respondents.

No. CIV 84–370–R.

United States District Court, W.D. Oklahoma.

July 5, 1984.

Donovan B. Gilliam, pro se.

William S. Price, U.S. Atty., Mary M. Smith, Asst. U.S. Atty., Oklahoma City, Okl., for respondents.

---

## OPINION AND ORDER

DAVID L. RUSSELL, District Judge.

Petitioner originally filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner complains of being forced to take antipsychotic medication, against his will, and contends that his constitutional due process rights and the right to be free from cruel and unusual punishment are being violated thereby. Upon initial review of the petition, giving it the liberal construction to which *pro se* pleadings are entitled under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this court determined that petitioner's action would be more properly deemed to be based on 28 U.S.C. § 1331 as a *Bivens*-type action, refering to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

This court, pursuant to *Brice v. Day,* 604 F.2d 664 (10th Cir.1979), *cert. denied,* 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980), then directed that officials of the Federal Correctional Institution, El Reno, Oklahoma, where petitioner is incarcerated, conduct an administrative review of the subject matter of petitioner's complaint, prepare a report of such review and file the same herein, duly verified. Such review and report were sought in order to provide the court with an administrative record from which to determine preliminary issues herein. *See Martinez v. Aaron,* 570 F.2d 317 (10th Cir.1978). The requested report was thereafter compiled and filed with this court. The report included declarations of the executive assistant to the warden and of the supervisory physician's assistant and Acting Hospital Administrative Officer, along with copies of petitioner's requests for administrative remedy and regional and national appeals thereon, together with the responses thereto.

Also submitted with the report are copies of clinical and hospital records and summaries detailing petitioner's lengthy medical and psychiatric history dating back to November 1974.

Upon the filing of the required report, respondents also submitted their Motion to Dismiss with supporting brief. In their brief, respondents concede that a competent person has the right to be free from forcible administration of anti-psychotic drugs, citing *Rogers v. Okin,* 634 F.2d 650 (1st Cir.1980). The judgment in that case, however, was vacated in *Mills v. Rogers,* 457 U.S. 291, 102 S.Ct. 2442, 73 L.Ed.2d 16 (1982) for consideration of the extent, if any, to which a subsequent Massachusetts Supreme Court decision might affect the state law aspects of the lower courts' decisions.

Although the federal constitutional right held applicable in *Rogers v. Okin* is not clearly delineated therein, it appears that the parties before the Supreme Court agreed that the Constitution recognizes a liberty interest in avoiding the unwanted administration of anti-psychotic drugs. The court, in assuming that such is correct, intimated no view as to the weight of such interests in comparison with possible counterveiling state interests. 457 U.S., at 299, n. 16, 102 S.Ct. at 2448, n. 16. In that case, the court was dealing with the rights of involuntarily committed mental patients. Petitioner herein is incarcerated after conviction and sentence by a federal district court to a 45-year term of imprisonment for Conspiracy to Commit Assault and Second

Degree Murder, this federal offense having been committed while petitioner was serving a prior sentence for Assault Upon a Military Officer. Thus, the state law considerations raised and considered in *Rogers v. Okin* and *Mills v. Rogers,* would not appear to be applicable here.

The hospital, clinical and medical records submitted with the report of respondents recite petitioner's numerous hospitalizations and treatment at the Medical Center for Federal Prisoners, Springfield, Missouri, as well as his observation and treatment at various federal correctional institutions. Plaintiff's psychiatric problems have been more or less continuous since November 1974. He has been diagnosed during that period as suffering from schizophrenia, paranoid type and from various personality disorders having features of paranoid, anti-social and explosive types. It has been continually established that if petitioner's tranquilizer medication is removed, he quickly regresses to violent, abusive, destructive and disruptive behavior, in which he is frequently required to be physically restrained for his protection, for the protection of others, and in order to reinstitute the appropriate medication regimen. When not on his medication, petitioner is described as combative and as a danger to himself and to others. During such times, petitioner creates confrontations with staff and other patients and inmates, sets fires, engages in bizarre actions and continuous conversations with himself. Even though his conduct and interpersonal relationships are greatly improved when he is on his medication, petitioner has never recognized that such medication has any positive effect whatever. Neither does he concede that he now or at any time in the past suffers or has suffered from any mental illness.

It appears clear to this court that if petitioner is taken off the prescribed medication for any length of time, the regression of his mental condition will necessitate his isolation from other inmates, patients and personnel, and the probable placing of him in physical restraints, for his own safety and for that of others. This conclusion has been reached by various psychiatrists and other medical experts over the years during petitioner's frequent hospitalizations at the Medical Center for Federal Prisoners. Trial periods of withdrawal of the tranquilizer medication have invariably resulted in petitioner's regression to his dangerous psychotic condition, involving threats to others with whom petitioner comes in contact and other bizarre behavioral characteristics.

■ Correctional officers and agencies have a duty not only to protect society from dangerous inmates, but must also take whatever procedures are appropriate in protecting inmates from each other and protecting correctional officers from violent inmates.

■ In this court's view, any rights which may be possessed by petitioner to be free from being subjected to the forcible administration of medication are overridden by the clear indication, established on numerous occasions, that the failure of petitioner to take such medications will result in his regression and the reappearance of his dangerous, psychotic behavioral tendencies. Such due process rights as petitioner may have in this regard have, in this court's view, been satisfied by the comprehensive psychiatric observations, tests and examinations to which he has been subject over a period of more than nine years.

■ Finally, the medication prescribed for petitioner and administered to him cannot be considered "punishment," but as treatment clearly indicated by the nature and extent of his mental condition. Thus, under no circumstances may the same be seen to violate his Eighth Amendment rights to be free from cruel and unusual punishment. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Smart v. Villar,* 547 F.2d 112 (10th Cir. 1976).

In view of the foregoing, and based upon this court's thorough review of the pleadings and briefs of the parties, and of the contents of the special report provided by

respondents as directed by the court, it is this court's opinion that petitioner can make no rational argument on the law or the facts to support his claim that his constitutional rights are being violated. Thus, the motion to dismiss filed herein by respondents should be granted and petitioner's action dismissed. *See Duhart v. Carlson,* 469 F.2d 471 (10th Cir.1972), *cert. denied,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692; *Bennett v. Passic,* 545 F.2d 1260 (10th Cir.1976).

IT IS SO ORDERED.