931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jorge Luis LOPEZ, Plaintiff-Appellant,
v.
G. HENMAN, Defendant Hill, Defendant Walter, Defendant
Denney, Defendant Sperry, Defendant Quinn,
Defendant Vargas, Defendant Mallein,
Defendants-Appellees.
 No. 90-3287.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 We grant the appellant's request to proceed in forma pauperis.
 
 
 3
 The appellant, Jorge Lopez, appeals from the district court's dismissal of his complaint filed pursuant to 28 U.S.C. Sec. 1331 where he alleged that various prison officials had denied him access to his psychotropic medication in violation of the Eighth Amendment. The issue before us is whether Lopez's complaint stated a claim. The United States District Court for the District of Kansas, without requiring the defendants to file a responsive pleading, determined that it did not and dismissed his complaint sua sponte. We reverse.
 
 
 4
 The district court, in its September 20, 1990 Memorandum Order, citing to Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976), stated that "[i]t is well settled in this district that a simple difference of opinion between an inmate and prison medical staff regarding treatment or diagnosis does not in itself state a constitutional violation." While this statement is true, it is also equally well settled in this Circuit that "[d]eliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment...." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). See also Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir.1985). In addition we have held that the denial of mental health care, if needed, can amount to deliberate indifference. See Ramos, 639 F.2d at 577-78.
 
 
 5
 A federal court is to construe a pro se litigant's complaint liberally. See Reynoldson v. Shillinger, 907 F.2d 124, 125 (10th Cir.1990). We have reviewed Lopez's complaint and are satisfied that he has alleged, with sufficient particularity, that prison officials prevented him from receiving recommended medication necessary to prevent suicidal or destructive tendencies. Therefore, we find that he has stated a valid Eight Amendment claim under Ramso.
 
 
 6
 We list briefly Lopez's specific allegations: (1) He alleges that he "is a person who needs to be under medication for his medical problems," and that he is able to function normally only when he is on his medication. Plaintiff's Brief in Support of his Pro Se Complaint at 3, No. 90-3252 (D.Kan. July 24, 1990); (2) He alleges that he was diagnosed as insane by a psychiatrist from "the District Court of Miami." Id.; (3) He alleges that on November 2, 1989, he was placed in administrative detention, and his medication was cut off. Id.; (4) He alleges that later, he was provided with medication in an erratic on-again off-again manner. Id.; (5) He alleges that his condition worsened and as a result on July 5, 1990, he attempted to commit suicide. Id. at 3-4;[1] (6) He alleges that the prison staff was aware of his condition, yet denied him his medication in an effort to cause him to injure himself. Id. at 5-6; (7) He alleges that the prison staff deprived him of his medicine in retaliation for his filing another civil rights claim. Id. at 7; (8) He alleges that he has a documented medical history of serious psychological dementia including an additional past suicide attempt, and that his medical records prove that he has received a substantial amount of medical care from various prison mental health facilities in other federal penal institutions. Id., Addendum Statement of Fact at 1; (9) He alleges that the prison medical staff is aware of his medical needs. Id. at 3; (10) He alleges that a psychiatrist told the Warden that Lopez needed medication for his psychiatric condition; Id. (11) He submitted a copy of a prison report stating "Mr. Lopez has a history of mental health problems and self mutilations." Id., Exhibit A; (12) He submitted a copy of a prison complaint form in which he states, "I am hearing voices, and I am afraid." Id., Exhibit B; (13) He provided a copy of another prison complaint form in which he requested that the prison provide him with his medication; and (14) in the same complaint form he states that he cut himself because of the lack of medication. Id., Exhibit D.
 
 
 7
 It may turn out that these "factual" allegations have no basis in truth. Nonetheless, the district court erred when it dismissed his complaint sua sponte without first making any effort to inquire into the veracity of his allegations.
 
 
 8
 The district court is REVERSED and the case is REMANDED for further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In addition, Lopez even submitted a copy of the prison incident report pertaining to his suicide attempt. In the box designated for inmate comments, Lopez wrote, "I am guilty. I let them know that I needed medication. No one would do anything. This is the only way I can help." July 5th Incident Report, Contained in Plaintiff's Brief in Support of his Pro Se Complaint