931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Charles McGUINNESS, Plaintiff-Appellant,
v.
Rudolpho VALDIVIA, Defendant-Appellee.
 No. 90-2055.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Charles McGuinness has brought this action against defendant-appellee Dr. Rudolpho Valdivia seeking recovery pursuant to 42 U.S.C. Sec. 1983. Plaintiff, a prisoner at the Western New Mexico Corrections Center, claims defendant, a doctor at that facility, subjected him to cruel and unusual punishment in violation of the eighth and fourteenth amendments by providing plaintiff with improper medical care.
 
 
 3
 The district court dismissed plaintiff's complaint on February 6, 1990. Plaintiff delivered his notice of appeal to prison officials for mailing to the district court on March 8, 1990. The notice of appeal was actually filed with the district court on March 12, 1990.
 
 
 4
 We must first determine whether the notice of appeal was filed in a timely manner. Defendant contends the deadline for filing the notice of appeal was March 8, 1990. Because the notice was not actually filed until March 12, 1990, defendant believes this court does not have jurisdiction over this appeal.
 
 
 5
 The Supreme Court, however, has held a notice of appeal by a pro se prisoner is filed at the time it is handed over to prison officials for mailing to the district court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988). Plaintiff delivered his notice of appeal to the prison officials on March 8, 1990, thirty days after the district court entered its order. The notice of appeal was therefore filed in a timely manner and we have jurisdiction to consider this appeal.
 
 
 6
 The district court properly dismissed plaintiff's complaint for failure to state a claim. Because petitioner is representing himself, his complaint will be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Plaintiff's complaint alleges defendant provided him with improper treatment for warts on his testicles. A prisoner states a cognizable claim under the eighth amendment only if he alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 7
 Plaintiff's complaint does not contain these required allegations. It only states plaintiff believes defendant did not provide proper medical care. Such allegations do not support a claim under section 1983. Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976). We AFFIRM for substantially the same reasons provided by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3