932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Philip QUARANTA, Plaintiff-Appellant,
v.
Steven J. DAVIES, Ray Roberts, Dr. Wade, Chief Medical
Officer, Mr. Gathrum, Clinic Administrator, Phyllis Worder,
Gay Savino, Dr. Ky-Hoang, Dr. Gerner, B. Jackson, T. Britz,
L. Ammonds, Mike Doe, X-Ray Technician, John/Jane Doe,
Defendants-Appellees.
 No. 90-3320.
 United States Court of Appeals, Tenth Circuit.
 May 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff, Philip Quaranta, an inmate at the Kansas State Department of Corrections, appeals a district court order dismissing his 42 U.S.C. Sec. 1983 civil rights suit. We affirm.
 
 
 3
 "Because the complaint was dismissed for failure to state a claim, we must take as true its ... pro se allegations." Estelle v. Gamble, 429 U.S. 97, 99 (1976), reh'g denied, 429 U.S. 1066 (1977). Quaranta's Sec. 1983 complaint alleges permanent injury to, and continuous pain in, his left index finger due to improper medical attention and treatment which he argues constitutes cruel and unusual punishment in violation of the Eighth Amendment. He claims that after he cut and broke his left index finger, the Correctional Facility Medium Security Infirmary staff failed to follow unspecified rules, regulations, and procedures; which resulted in "unnecessary delay," "deliberate and intentional refusal of proper medical diagnosis and treatment," and "severe trauma." In support of these claims, Quaranta describes his visits to the "Medium" and "Maximum" clinics, where he was treated by several nurses and one doctor. The gravamen of his complaint is that: 1) the cut should have been stitched during his first visit or shortly thereafter; and 2) the break in his finger was not properly treated.
 
 
 4
 Citing Estelle v. Gamble, 429 U.S. 97 (1976), and Smart v. Villar, 547 F.2d 112 (10th Cir.1976), the district court found that Quaranta's allegations do not make out a cause of action under 42 U.S.C. Sec. 1983 for cruel and unusual punishment in violation of the Eighth Amendment. On appeal, Quaranta claims that the district court misinterpreted his original complaint as one for medical malpractice and negligence. Furthermore, he argues that, contrary to the district court opinion, his allegations are sufficient to make out a Sec. 1983 claim.[1]
 
 
 5
 To state a cause of action under Sec. 1983, a prisoner must show "deliberate indifference to a ... serious illness or injury." Estelle v. Gamble, 429 U.S. at 105. A complaint, however, of "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner.... [A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106.
 
 
 6
 Even construing Quaranta's complaint liberally (Haines v. Kerner, 404 U.S. 519, 520-21 (1972), reh'g denied, 405 U.S. 948 (1972)), and accepting his allegations as true, however, we agree entirely with the district court. Quaranta was treated for his injury. His difference in opinion about what treatment he should have received does not give rise to a cause of action. Smart v. Villar, 547 F.2d at 114. His claim of continuous pain in his left hand and the unnecessary delay in what he considers the appropriate medical treatment for his hand amount only to claims for medical malpractice and negligence. Quaranta's complaint does not support a cognizable Sec. 1983 deliberate indifference claim as required by Estelle v. Gamble, 429 U.S. at 105-06.
 
 
 7
 Consequently, Quaranta "claims [an] infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and Sec. 1915(d) both counsel dismissal." Id. at 328 (footnote omitted).
 
 
 8
 Therefore, Quaranta's motion for leave to proceed on appeal in forma pauperis is DENIED and the case is dismissed.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although on appeal, Quaranta characterizes his suit as "geared to Department of Corrections Policy and Procedure ... [and] to the unconstitutionality of Department of Corrections agents specifically Correctional Medical Services," his claims are identical to those in his original complaint