951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Terrance FISHER, Plaintiff-Appellant,
v.
Jessica BREWER, Defendant-Appellee.
 No. 91-7080.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James Terrance Fisher, an inmate at the Oklahoma State Penitentiary at McAlester, Oklahoma, brought suit pursuant to 42 U.S.C. § 1983 against Jessica Brewer, (hereinafter "defendant"), a psychology assistant for the Oklahoma Department of Corrections ("DOC"), alleging defendant violated his constitutional rights under the Eighth Amendment by denying him access to an independent psychiatric examination.
 
 
 3
 Defendant moved to dismiss pursuant to 28 U.S.C. § 1915(d) asserting Mr. Fisher's action was frivolous. On the basis of the pleadings and a special report (hereinafter "Martinez report") compiled in accordance with Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir.1978), the district court dismissed the action as frivolous stating that: (1) Fisher's complaint established that he was not denied medical treatment, but that he refused psychiatric testing when it was offered to him; (2) Fisher's complaint failed to allege any acts or omissions by the defendant that were sufficient to establish a deliberate indifference to his medical needs; and (3) Fisher's allegation of a denial of independent psychiatric testing failed to constitute a constitutional deprivation and was unsubstantial, particularly in light of Fisher's refusal to be tested. We affirm.
 
 
 4
 Mr. Fisher asserts that: (1) he did not refuse psychiatric testing; (2) that defendant showed deliberate indifference by not placing him in a medical facility for continued observation; and (3) that defendant acted with deliberate indifference by not considering Mr. Fisher's past history of receiving psychiatric treatment.
 
 
 5
 The standard on appeal is "whether, literally construing [Mr. Fisher's] allegations, accepting them as true, but also viewing them within the context of the undisputed facts developed in the record, [Mr. Fisher] can make any argument, based upon law or fact, in support of the claims asserted." Reed v. Dunham, 893 F.2d 285, 286 (10th Cir.1990) (citations omitted).
 
 
 6
 The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. Deliberate indifference to serious medical needs of prisoners constitutes a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1076), (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). However, the Constitution does not guarantee a prisoner the medical treatment of his choice, Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988), nor do differences of opinion as to treatment or diagnosis between the prisoner and a treating doctor give rise to a cause of action. Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976). Rather, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment]". Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 7
 Mr. Fisher's first issue on appeal is that the district court erred in finding that he refused psychiatric testing. However, the Martinez report and Mr. Fisher's complaint indicate Mr. Fisher was given the opportunity to submit to additional psychological testing to validate his claim that he needed psychiatric care, but he refused to submit to such testing on advice of counsel. These facts do not show deliberate indifference to Mr. Fisher's medical needs, but rather that defendant and Mr. Fisher disagreed as to by whom and under what circumstances Mr. Fisher should be examined. Such a disagreement does not constitute a constitutional deprivation. Smart v. Villar, 547 F.2d 112, 114 (10th Cir.1976). The Constitution does not guarantee a prisoner the medical treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988).
 
 
 8
 The holdings of Smart v. Villar and Jackson v. Fair apply to Mr. Jackson's second issue on appeal: that the district court erred in not finding that defendant acted with deliberate indifference by not placing Mr. Fisher in a medical facility for continued observation as a result of the defendant's assessment that Mr. Fisher was suffering from possible mental illness. In Jackson v. Fair, the First Circuit determined that a state prisoner who was a former mental hospital inmate failed to demonstrate that his not being returned to a specific mental institution was a denial of his right to medical treatment while in custody. In Smart v. Villar, this court held that a prisoner who asserted that he should have had testing and diagnosis at a medical facility outside the state prison showed no deprivation of a constitutional right under 42 U.S.C. § 1983. Based on these cases, the district court did not err in finding that defendant did not act with deliberate indifference by not placing Mr. Fisher in a medical facility for continued observation as he wished.
 
 
 9
 Mr. Fisher's final issue on appeal is that the district court should have found that defendant acted with deliberate indifference by not considering Mr. Fisher's past history of receiving psychiatric treatment. The Martinez report shows that attempts were made to confirm any prior treatment and diagnosis for Mr. Fisher, but that those attempts were unsuccessful. There is no dispute as to the fact that Fisher's doctor failed to respond to inquiries. Thus, defendant did not act with deliberate indifference to Mr. Fisher's medical needs in this respect.
 
 
 10
 We GRANT Fisher's motion to proceed without prepayment of costs. For the reasons stated, the judgment of the district court is AFFIRMED in all respects. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3