**John JOHNSON, Jr., Plaintiff,**

v.

**KSIR PRINCIPAL ADMINISTRATOR AND STAFF and Johnson County Jail Principal Administrator and Staff, Defendants.**

No. 88–3422–S.

United States District Court, D. Kansas.

Sept. 17, 1992.

174

John Johnson, Jr., pro se.

Lawrence L. Ferree, III, Ferree, Bunn & Byrum, Chartered, Overland Park, Kan.,

for defendant Johnson County Jail Principal Adm'r.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of defendants Johnson County Jail Principal Administrator and Johnson County Jail Staff for summary judgment (Doc. 26) and on the motion of Robert D. Hannigan for dismissal (Doc. 21). Plaintiff has filed a response to each motion, and this matter is now ripe for review.

Plaintiff is presently an inmate in the custody of the Secretary of the Kansas Department of Corrections. He proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. In this action, plaintiff alleges violations of his civil rights occurred due to the conditions of confinement in the old Johnson County Jail and further alleges denials of his constitutional rights occurred at the State Reception and Diagnostic Center ("S.R.D.C.") and the Hutchinson Correctional Facility, formerly known as the Kansas State Industrial Reformatory ("HCF"). In this action, he seeks injunctive relief, removal from state custody, a federal investigation of his case, damages, and release from confinement.

Having examined the complaint, the court makes the following findings and order.

### Factual Background

Plaintiff entered the old Johnson County Jail on February 15, 1988, on charges of aggravated burglary, burglary, felony theft, and attempted felony theft. He was housed at the jail until March 1, 1988, when he was transferred to the Osage County Jail to alleviate crowding at the Johnson County Jail. Plaintiff remained in Osage County until March 25, when he was returned to the Johnson County facility. He remained there until August 5, 1988, when he was transferred to the Geary County Jail. Plaintiff was transferred from the Geary County Jail to HCF on August 25, 1988.

Additional factual information is incorporated in the discussion of plaintiff's claims.

### Motion of defendant Hannigan for dismissal

Defendant Hannigan seeks dismissal on the ground plaintiff is a member of the class of inmates represented in *Arney, et al., v. Hayden, et al.,* Case No. 77–3045–R, now captioned *Porter v. Finney,* and on the ground defendant Hannigan has no responsibility for the operation of either S.R.D.C. or the Johnson County Jail. Plaintiff's response rests essentially on the fact the court ordered a *Martinez* report in this action. However, the court's order (Doc. 10) referred specifically to plaintiff's claims regarding the operation of the Johnson County Jail. A *Martinez* report on these issues was filed by Johnson County Sheriff Fred Allenbrand (Doc. 19), and the court rejects plaintiff's argument that defendant Hannigan is in contempt of the court's order.

■ Having considered defendant Hannigan's motion in the context of the record, the court agrees this defendant should be dismissed from this action. First, plaintiff's standing as a class member in *Porter v. Finney* militates in favor of dismissal of all his claims regarding the conditions of confinement at HCF. As noted by defendant Hannigan, inmates housed at HCF were permitted to intervene as a class in that action by an order issued in that action on October 5, 1988. Plaintiff has not shown that his claims in this action are different from the claims in the class action, and the court agrees his interests are adequately represented in that action.

The court further finds there is no basis for imposing liability on defendant Hannigan for any claims arising from the conditions of confinement at the Johnson County Jail or S.R.D.C. Therefore, defendant Hannigan is dismissed from this action.

### Conditions of Confinement at S.R.D.C.

■ The court next dismisses plaintiff's claims regarding S.R.D.C. from this action. These claims appear in Count II of the Complaint and read as follows:

"Count II: Due privacy and medical care, rehabilitation and physical security of prisoners, parole system not in accordance with state statutes. Illegal practices at State Reception Diagnostic Center at Topeka, Kansas/Especially unfair recommendations." (Complaint, p. 3.)

The supporting facts provided by plaintiff first refer to the conditions at HCF and state only that an investigation is necessary at S.R.D.C. *Id.*

Not only are plaintiff's claims conclusory, plaintiff has not named as defendant any party who might reasonably be deemed responsible for any claims arising from the conditions of confinement at S.R.D.C. Accordingly, the court dismisses these claims from this action.

*Standard for granting summary judgment*

■ A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Conditions at Johnson County Jail*

■ It is now clear the court, in evaluating plaintiff's claims regarding the conditions of his confinement, must apply the standard of deliberate indifference set forth by the Supreme Court in *Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Under this analysis, the court must consider whether the deprivation involved was serious in nature and also whether the defendant officials acted with a "culpable state of mind," — U.S. at —, 111 S.Ct. at 2323, evincing deliberate indifference to a dangerous condition of confinement.

■ Prison conditions violate the Eighth Amendment's proscription of cruel and unusual punishment if they cause the "unnecessary and wanton infliction of pain," are grossly disproportionate to the crime underlying the prisoner's incarceration, or result in a deprivation of basic human needs. *Rhodes v. Chapman*, 452 U.S. 337, 346–47, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

■ Plaintiff claims his right to freedom from cruel and unusual punishment was violated by the conditions of confinement at the Johnson County Jail and alleges the conditions there included a lack of sanitation, violence, idleness, noise, lack of classification methods, and lack of physical exercise or other recreation opportunities. (Complaint, p. 3.)

The record in this matter does not support plaintiff's claims. First, it is uncontroverted that the last inspection of the old jail conducted by the state Department of Corrections before the opening of the new county jail on August 20, 1988, found the jail conditions acceptable. Plaintiff's complaint of illness resulting from poor ventila-

tion is unsubstantiated by medical records from the period in question.

Plaintiff has not alleged any particular incidents of noise, threatened or actual violence, or idleness during his incarceration in Johnson County. The materials before the court demonstrate plaintiff sought and received access to the library on approximately fifty days during his confinement, and he does not contend he was not afforded the opportunities for recreation provided by the jail guidebook, which directs that each inmate shall have the opportunity to exercise for one hour a day for at least three days per week. (*Martinez* report, ex. B.) Plaintiff's requested visitation was permitted. While the conditions of confinement were no doubt unpleasant, the court finds nothing in the record which might entitle plaintiff to relief on this claim.

*Classification*

Plaintiff's challenge to classification is unclear. While the complaint appears to raise a claim of inadequate or nonexistent programs of classification (Complaint, p. 3), plaintiff did not complain of his classification at the jail, and even submitted a request on February 27, 1988, asking that he remain where he was placed. (*Martinez* report, Ex. D.) The record shows a classification system was in effect which required that inmates were to be classified "by legal status, past and present behavior characteristics, criminal record, security risk evaluation, medical evaluation, institutional reports, social histories, gender, and inmate generated input." (*Martinez* report, Ex. P.)

This system is well-developed and the characteristics considered are entirely appropriate for the discretionary decision in question. Plaintiff's claim is patently frivolous.

*Mail*

Plaintiff's claim regarding his mail is likewise difficult to interpret. His complaint states, "The mail staff here keeps opening my legal and official mail before it is open [sic] in my presence." (Complaint, p. 3). Although the count in which this language appears seems to involve the Johnson County Jail, the complaint was written while plaintiff was housed at HCF. Plaintiff has again provided no specific information regarding the date or items of correspondence, and the record reflects no internal complaint from plaintiff concerning this issue at either the jail or HCF which might shed light on his claim. Nor has plaintiff challenged the contention of counsel for the defendant jail officials that the mail claim does not refer to the jail.

Due to the conclusory allegations of plaintiff's claim and his failure to contest the defendants' argument, the court finds no basis for relief is presented by this claim. The court notes the policy for handling mail, including privileged mail, printed in the jail handbook (*Martinez* report, Ex. O-1—O-2) is in compliance with constitutional standards. *See Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974).

*Religion*

To the extent plaintiff's complaint may be read to allege religious discrimination at the Johnson County Jail, the court again finds no basis for granting relief. The record demonstrates plaintiff was permitted to have the Koran among his possessions and that his request for religious materials was approved.

It is, of course, clear that under the First Amendment, inmates are entitled to a reasonable opportunity to exercise their religious freedom. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 2404, 96 L.Ed.2d 282 (1987); *Cruz v. Beto*, 405 U.S. 319, 321–22, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972). Opportunities for religious activities are obviously limited in the prison setting, however, and where a prison regulation limits an inmate's First Amendment rights, the regulation will be upheld "if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

The Johnson County Jail guidebook sets forth a reasonable policy for accommodat-

ing religious services (*Martinez* report, Ex. B), and it appears plaintiff was provided an opportunity to practice his religion which was consistent with the security needs of the jail.

*Racial discrimination*

 Plaintiff's complaint broadly asserts a claim of racial discrimination. (Complaint, p. 3.) It is clear as a general principle, "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). However, plaintiff's claim of discrimination does not specify what action or omission might give rise to this claim, and the court finds no basis for relief.

*Access to the courts*

 Plaintiff's claim broadly asserts he was denied free access to the prison law library. (Complaint, p. 3.) Clearly, inmates enjoy a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The protection of this right obligates corrections officials to assure prisoners effective access to the courts by providing either adequate law libraries or the assistance of trained personnel in preparing and filing meaningful legal papers. *Id.* at 830, 97 S.Ct. at 1499. Where an inmate asserts he has been denied access to the courts, the burden is on corrections officials to show the inmate has received adequate access to legal materials or assistance. *Id.* at 824, 97 S.Ct. at 1496. Here, the court is persuaded plaintiff enjoyed adequate access. As noted, plaintiff was permitted to visit the jail law library on numerous occasions and was able to contact his attorney by telephone. Plaintiff does not assert he suffered any injury from the alleged deprivation. The court concludes there is no basis for granting relief.

*Medical care*

Plaintiff next appears to claim he was denied adequate medical care. (Complaint, p. 3.)

 In order to state a cognizable claim under 42 U.S.C. § 1983, plaintiff must allege acts or omissions that demonstrate deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To establish a claim of cruel and unusual punishment under this standard, a prisoner must show more than a negligent or inadvertent failure to provide adequate care and more than a mere difference of opinion between the inmate and medical staff of the corrections facility regarding appropriate treatment. *Smart v. Villar*, 547 F.2d 112 (10th Cir.1976). Rather, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

 While plaintiff made several requests for medical attention during his incarceration in Johnson County, each request was reviewed by medical personnel. Plaintiff was given medication and seen by staff on scheduled rounds. In addition, plaintiff was given dental care while housed in the Johnson County Jail but refused the recommended treatment of extraction. He was given pain medication for a period of time, but this medication was eventually discontinued due to the possibility of dependency. Finally, while on one occasion plaintiff received only half the recommended dosage of a pain medication, this situation was immediately corrected. Plaintiff was not harmed by this single episode.

Because the record reflects a course of treatment including examinations, medication, and competent care, the court finds plaintiff is entitled to no relief on this claim.

*Due process violations and malicious prosecution*

Plaintiff's remaining claims appear in Count III of the complaint and read as follows:

"Count III: Abuse of due process by perverting it to an improper purposes; in Johnson County Old Jail from malicious prosecution practices in the district prosecution office; abuse of legal ethical practice.

Discrimination racially.

Supporting facts: At the time I was at the Johnson County old jail, I was expose to all of the above statements especially, the cruel and unusual punishment of the jail administration and staff. All documents at the old facility at the old Johnson County Jail will prove undoubtly [sic] by documentation basic constitutional right of due process of law being denied the people. And the Johnson County Old Jail Records will establish clear violation. (Date: all of 1988)."

These allegations are conclusory and fail to state any claim which might be considered by the court. It appears portions of this argument refer to plaintiff's conviction; such claims do not entitle plaintiff to relief in this civil rights action concerning the conditions of plaintiff's confinement at the Johnson County Jail.

### Conclusion

Having reviewed the record in its entirety and in the light most favorable to plaintiff, the court finds no basis for imposing liability. The court is convinced the treatment afforded plaintiff during his incarceration in the Johnson County Jail was compatible in all respects with contemporary standards of decency.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief denied.

The clerk of the court is directed to transmit copies of this Memorandum and Order to plaintiff and to counsel for defendants.