**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GEROME LEON DEBROW,

Plaintiff-Appellant,

v.

STEPHEN KAISER, Warden of the
Davis Correctional Facility; KATHY
MILLER, Medical Director of the
Davis Correctional Facility; DR.
HARVEY, Medical Doctor at the
Davis Correctional Facility,

Defendants-Appellees.

No. 01-7090
(D.C. No. 00-CV-364-S)
(E.D. Okla.)

ORDER AND JUDGMENT   *

Before **EBEL** , **HOLLOWAY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Debrow challenges the decision of the district court dismissing his complaint of inadequate medical care as frivolous pursuant to 28 U.S.C. § 1915(e). We affirm.

In his complaint, Mr. Debrow alleged that prison officials denied and delayed medical treatment for his asthma, as well as for pain caused by a bullet lodged in his chest from an old gunshot wound. The district court, after examining the pleadings and Mr. Debrow's medical records attached to those pleadings, concluded that he had received adequate treatment for his ailments and that he had therefore failed to prove that prison officials acted with deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs of a prisoner constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment).

28 U.S.C. § 1915(e)(2)(B)(i) permits dismissal of an in forma pauperis action at any time if the court determines that the action or appeal is frivolous or malicious. An action is frivolous if it lacks an arguable basis in either fact or law. *See Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995). We review a

district court's dismissal for frivolousness for abuse of discretion only. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997).

Because Mr. Debrow's medical records clearly indicate that he received a consistent course of treatment for the medical ailments complained of, and in light of our precedent in *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976) (holding that where there is evidence of a series of sick calls, examinations, diagnoses, and medications, it cannot be said there was deliberate indifference to the prisoner's complaints), the district court did not abuse its discretion in dismissing the action.

Accordingly, we affirm the judgment of the United States District Court for the Eastern District of Oklahoma for substantially the reasons stated in the district court's order of June 22, 2001. The district court granted Mr. Debrow's application to proceed without prepayment of the appellate filing fee; consequently, we deny as moot his motion before this court to the same effect. We remind Mr. Debrow of his continuing obligation to make partial payments until the entire balance of the filing fee is paid.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

-3-