FILED
United States Court of Appeals
Tenth Circuit

February 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE GREEN,

        Plaintiff - Appellant,

v.

MR. HININGER, a/k/a Henniger; DR.
DONALD L. SUTMILLER, DO;
KATHY MILLER; DR. RIENHOLD,
a/ka Reiheld; ROBERT EZELL; and
GENESE McCOY,

        Defendants - Appellees.

No. 13-7068

(E.D. Oklahoma)

(D.C. No. 6:12-CV-00186-RAW-SPS)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and Appellant Willie Green, an inmate proceeding *pro se,* appeals the dismissal of his claims filed pursuant to 42 U.S.C. § 1983, alleging various constitutional violations by the Defendants.[1] For the following reasons, we affirm the district court's dismissal of Mr. Green's action.

## BACKGROUND

Mr. Green is in the custody of the Oklahoma Department of Corrections ("DOC") at the Davis Correctional Facility ("DCF") in Holdenville, Oklahoma. He is serving a forty-five year sentence for shooting with intent to kill. On July 27, 2011, during an annual medical check-up, he told defendant Dr. Reiheld that he had a boil on his back. Dr. Reiheld proceeded to excise the boil, without the use of local anesthetic, which caused Mr. Green to experience pain. More specifically, Mr. Green claims the procedure caused him "horrible pain, suffering, mental and emotional anguish, fright, shock, and other physical, emotional, and psychological injuries." Op. & Order at 2; R. Vol. 1 at 579.

We recite the following more detailed factual statement from the district court's order, in which the court, considering the Defendants' motions to dismiss

---

[1]The Defendants in this case are Mr. Hininger (called Henniger by Mr. Green), the President and CEO of Corrections Corporation of America ("CCA"); Dr. Donald Sutmiller, the DOC Chief Medical Officer; Kathy Miller, the DCF Correctional Health Services Administrator; Dr. Reiheld (named in the complaint as Dr. Rienhold), a CCA physician; Robert Ezell, the DCF Warden; and Genese McCoy, the DOC Medical Services Administrator. Warden Ezell was never, in fact, served. We therefore do not address the allegations against him.

and/or for summary judgment, assumed the facts were as Mr. Green averred they

were:

> Dr. Reiheld told plaintiff to lie on his right side. Before starting the procedure, the doctor allegedly described a movie in which a warden allowed prison officials to torture inmates who were disliked by the administration. Plaintiff claims Dr. Reiheld previously had told plaintiff he had a "personal problem" with him.
>
> As the surgery was about to begin, Sgt. Amatto asked the doctor if he was going to numb the area before proceeding, and Dr. Reiheld said he would not use an anesthetic. Plaintiff did not think the doctor was serious, and he thought the doctor's answer was merely a sarcastic reply. Plaintiff then asked the doctor whether he would numb the area, and again Dr. Reiheld said "no." Plaintiff became alarmed and "started to reject the procedure," but the doctor proceeded to make an incision and place a sharp instrument inside his body, causing him to scream in terrible pain. Dr. Reiheld did not care, and he continued despite plaintiff's pain. Sgt. Wright was laughing the entire time and saying, "I want to see you cry. Let me see you cry." Sgt. Amatto told Wright it was not funny and that he would not want a doctor to do it to him, because he knew it was painful. When the procedure ended, plaintiff said Dr. Reiheld should be fired for harming him like that, and Sgt. Wright stated it was not the first time Reiheld had used that method of surgery. . . .
>
> Plaintiff claims Defendant Kathy Miller, Administrator of Correctional Health Services, advised him that it would have taken numerous injections to attempt to anesthetize the small area where the boil was located, and there was no guarantee the area would have been numb. Miller also told him the injections to anesthetize the area usually are more painful than one small incision. Plaintiff disagrees with Miller, because he previously had a similar surgery on his wrist for another boil, and in that instance the doctor used a local anesthetic.

Op. & Order at 1-2; R. Vol. 1 at 578-79.

Mr. Green claims that the Warden (Defendant Warden Ezell, who was never served) "condon[ed]" the surgery and knew that Dr. Reiheld was performing these types of procedures on inmates. Compl. at 27; R. Vol. 1 at 33. He avers that Defendant Sutmiller has the responsibility to ensure that facility doctors, like Dr. Reiheld, "are in strict compliance with policy." Id. at 25; R. Vol. 1 at 31. He also claims that Defendant Kathy Miller obstructed his access to the grievance policy. Finally, with respect to DOC Defendants Genese McCoy and Hininger, he asserts that they are the final policy makers with respect to these types of procedures.

Mr. Green filed the instant action on April 23, 2012. He alleged multiple counts, including conspiracy, by which the Defendants violated his Eighth and Fourteenth Amendment rights, in violation of, *inter alia*, 42 U.S.C. § 1983. Defendants McCoy and Sutmiller moved for dismissal of the complaint, arguing that Mr. Green failed to allege personal participation. They also asserted that they were shielded by qualified immunity and that there was insufficient evidence to support Mr. Green's claim of conspiracy. Defendants Hininger, Miller and Reiheld also moved for dismissal, claiming that Mr. Green failed to first exhaust administrative remedies and arguing that he failed to state valid claims against them.

The district court granted both sets of Defendants' motions to dismiss and dismissed the action in full. The court also considered dismissal on its "own

motion to consider dismissal of this action as frivolous." Op. & Order at 1; R.

Vol. 1 at 578. After examining the Defendants' arguments for dismissal, the

district court dismissed the action, declared it frivolous, and counted the dismissal

as a strike, pursuant to 28 U.S.C. § 1915(g). This appeal followed.


## DISCUSSION

We review the district court's grant of the Defendants' motion to dismiss

de novo. Weise v. Casper, 593 F.3d 1163, 1166 (10th Cir. 2010); Hollonbeck v.

U.S. Olympic Comm., 513 F.3d 1191, 1194 (10th Cir. 2008). To the extent the

district court dismissed Mr. Green's complaint as frivolous, under 28 U.S.C.

§ 1915(e), we review the decision for abuse of discretion. Conkle v. Potter, 352

F.3d 1333, 1335 n.4 (10th Cir. 2003). And although we liberally construe the

pleadings of *pro se* litigants, we do not and cannot serve as the *pro se* litigant's

advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court addressed the two groups of defendants separately. With

respect to Defendants McCoy and Sutmiller (the DOC Medical Services

Administrator and DOC Chief Medical Officer, respectively), the court noted that

"[p]ersonal participation is an essential allegation in a § 1983 claim." Bennett v.

Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted); see Mitchell

v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996) (same). "[S]upervisor status by

itself is insufficient to support liability." Mitchell, 80 F.3d at 1441. Mr. Green

failed to demonstrate any personal participation by these DOC Defendants.

Regarding the conspiracy allegations against these Defendants (along with

the other Defendants), the district court stated:

> To the extent plaintiff is alleging a conspiracy among the defendants, this claim is meritless. Conclusory allegations of a conspiracy will not suffice. In order for a plaintiff to recover on a conspiracy claim under § 1983, he must establish an actual deprivation of his rights, in addition to proving that a conspiracy actually exists. The court finds plaintiff has failed to meet this burden of providing evidence to support his claims against Defendants McCoy and Sutmiller.

Op. & Order at 3-4; R. Vol. 1 at 580-81 (citing Wise v. Bravo, 666 F.2d 1328,

1333 (10th Cir. 1981); Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir.

1990)); see Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994) ("Conclusory

allegations of conspiracy are insufficient to state a valid § 1983 claim.") (further

quotation omitted); see also Brooks v. Gaenzle, 614 F.3d 1213, 1227-28 (10th

Cir. 2010). We agree fully with the district court's analysis and dismissal of the

claims against Defendants McCoy and Sutmiller.

Regarding Defendants Hininger, Miller and Reiheld (the President and CEO

of CCA, the DCF Correctional Health Services Administrator, and the CCA

physician, respectively), the court concluded that "[b]ecause plaintiff has not

alleged the personal participation of Defendants Hininger and Miller, [Mr.

-6-

Green's] claims against them also fail." Op. & Order at 4; R. Vol. 1 at 581. We agree fully with that analysis.

With respect to Defendant Dr. Reiheld, the physician who actually performed the challenged procedure on Mr. Green, the district court began by reciting the applicable standard by which we measure Eighth Amendment claims of cruel and unusual punishment in the context of medical attention:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (citations and footnotes omitted)). The court went on to state:

> With this standard in mind the court is of the view that the acts complained of do not show deliberate indifference to plaintiff's medical needs as alleged. Even assuming a boil is sufficiently serious, it is clear from the record that medical care was provided. Where there is such evidence of a "series of sick calls, examinations, diagnoses, and medication . . . it cannot be said there was a 'deliberate indifference' to the prisoner's complaints." To the extent plaintiff is complaining about Dr. Reiheld's decision to lance the boil without a local anesthetic, the court finds plaintiff is merely asserting a difference of opinion as to the kind and quality of medical treatment necessary under the circumstances. It is well settled that this type of disagreement fails to give rise to a cause of action under § 1983.

Id. at 5; R. Vol. 1 at 582 (quoting Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976)). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977) (and cases cited therein). The district court accordingly correctly concluded that "the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation." Op. & Order at 5; R. Vol. 1 at 582. "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." Wise, 666 F.2d at 1333.

The district court therefore dismissed the action. The court also noted that it had earlier authorized Mr. Green to commence the action "*in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact." Op. & Order at 5; R. Vol. 1 at 582 (citing Neitzke v. Williams, 490 U.S. 319 (1989); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir. 1987)). As indicated above, the court also counted the dismissal as a strike under 28 U.S.C. § 1915(g).

We find that this appeal is frivolous. Mr. Green's arguments are contrary to settled law; he makes no reasoned argument for modification of that law; and he fails to identify any particular error in the district court's analysis. We dismiss it as required by 28 U.S.C. § 1915(e)(2)(B)(i). We, like the district court, impose a strike under 28 U.S.C. § 1915(g). Mr. Green therefore has two strikes. See

<u>Jennings v. Natrona Cnty. Det. Ctr.</u>, 175 F.3d 775, 780-81 (10th Cir. 1999).  We

remind Mr. Green that he remains obligated to complete payment of his filing

fees until they are paid in full.[2]

### CONCLUSION

For the foregoing reasons, we DISMISS this action.  We also IMPOSE a

STRIKE pursuant to 28 U.S.C. § 1915(g).  We remind Mr. Green, as stated above,

of his obligation to continue making payments until all fees are fully paid.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]Mr. Green filed a "Notice of the Court," which has been referred to us to address.  Mr. Green asks our court to "have the Defendants not physically attack the plaintiff."  Notice at 1.  Mr. Green earlier filed a motion for a temporary restraining order or an injunction ordering his transfer to another facility.  We denied the motion by order dated January 30, 2014.  We note the similarity between the "relief" sought in the two matters Mr. Green has presented to our court.  To the extent Mr. Green seeks some action by our court in response to his latest "Notice," we deny that request.