**Aki Saad EL'AMIN, Plaintiff-Appellant,**

v.

**James E. PEARCE, F. Womack, E.J. Calhoun, B.D. Glanville, C.M. Bishop and M.V. McDaniels, Defendants-Appellees.**

No. 80–1305.

United States Court of Appeals, Tenth Circuit.

Dec. 21, 1984.

---

Lorraine A. Chappell, Aurora, Colo., for plaintiff-appellant.

Michael C. Turpen, Atty. Gen. of Okl., and David W. Lee, Asst. Atty. Gen., Oklahoma City, Okl., for defendants-appellees.

Before BARRETT, BREITENSTEIN and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff appeals the district court's dismissal of his pro se section 1983 action.

According to the complaint, defendant correctional officers beat plaintiff, an inmate, in retaliation for his having filed a complaint against the prison chaplain's staff. Plaintiff alleges the officers beat him about the face and head with a padlock, black jack, and keys, knocking him to the floor, and then kicked him in his lower back with cowboy boots. He further claims that he was denied medical treatment by another defendant, a paramedic, for injuries sustained in the beating. Plaintiff claims that both the beating and the denial of medical treatment constituted cruel and unusual punishment in violation of the eighth amendment, made applicable to the States by the fourteenth.

After the commencement of this lawsuit, the court ordered the Department of Corrections of the State of Oklahoma to prepare a special report and submit it with defendants' answer. See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). The report included statements from the defendants claiming that, while the officers were in the process of shaking down plaintiff's cell, plaintiff attempted to strike one of the defendants. Another stopped plaintiff from doing so, and handcuffed his hands behind his back to prevent him from making a further attempt to strike any of the officers. The shakedown uncovered a homemade stinger and a piece of glass. At plaintiff's request he was taken to the infirmary by two of the defendant correctional officers, where he refused medical treatment by the paramedic.

Also included in the report were statements by three witnesses to the altercation stating that the officers hit plaintiff with their fists and choked him, but did not knock him down. These three accounts painted a less violent picture of the beating received by plaintiff than had three previous statements by the same witnesses filed by plaintiff with his complaint.

The report also contained plaintiff's medical record, which indicated that he had refused to allow himself to be examined when taken to the infirmary on the day of the altercation. When examined the next day, he complained of sore wrists, neck, back and shoulders. He had abrasions on his left and right scapular area and on his wrists, but with no loss of motion. A lower back examination revealed no evidence of injury.

After reviewing plaintiff's complaint, defendants' answer, and the special report, the district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d). The court found that, even "[a]ssuming that the defendant correctional officers committed an assault upon the plaintiff, their behavior still did not amount to a violation of plaintiff's civil rights cognizable under Section 1983." Record, vol. 1, at 86. In arriving at this conclusion, the court looked to

> such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Record, vol. 1, at 87 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)).

The court found that plaintiff's claim that he was denied medical treatment amounted to no more than a

> difference of opinion between the plaintiff and the medical staff over the proper treatment of his injuries. A mere difference of opinion between the medical staff of a prison and a prisoner patient cannot alone give rise to a cause of action under the civil rights statutes.

Record, vol. 1, at 88.

This appeal requires us to determine whether the district court exceeded the proper bounds of the *Martinez* inquiry in dismissing plaintiff's claim with regard to the alleged beating and denial of medical treatment.

We have previously noted that, while an assault by a jailer on his prisoner can give rise to an action under section 1983, a jailer's use of force against a prisoner is not always a constitutional violation. *Sampley v. Ruettgers,* 704 F.2d 491, 494 (10th Cir.1983).

In setting standards as to the level of force prison guards may use against inmates we walk a precarious path. On the one hand, the control of a large prison population clearly requires the use of some force. As Judge Friendly has noted:

> The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

*Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Further, as we said in *Sampley:*

> Hamstringing prison guards ... by forbidding their use of the force necessary to maintain control of the prison not only would endanger the guards but also could subject the prisoners themselves to greater violence at the hands of their fellow inmates.

*Sampley,* 704 F.2d at 495.

On the other hand, legal license to use force against another is a power highly vulnerable to overreaching. An individual may shed his liberty at the prison gates, but not his right to be free from physical abuse. Whatever force may be necessary to manage a prison population and to protect the safety of guards and prisoners, the infliction of pain is simply unacceptable as punishment. The Supreme Court has held that a prison guard's use of force against an inmate constitutes "cruel and unusual punishment" when it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia,* 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). We have previously explicated this standard as follows:

> First, "wanton" requires that the guard have intended to harm the inmate. Second, "unnecessary" requires the force used to have been more than reasonably necessary at the time of the use of force to maintain or restore discipline. Third, "pain" means more than momentary discomfort; the attack must have resulted

in either severe pain or a lasting injury. In applying this test, "a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

*Sampley,* 704 F.2d at 495–96 (quoting *Johnson,* 481 F.2d at 1033).

■ In the case at bar, plaintiff's complaint, supported by the statements of three witnesses, alleged ·that he was severely beaten by defendant officers because of having filed a lawsuit. Clearly, if this claim could be proven, it would constitute cruel and unusual punishment under the test described above. The district court nevertheless dismissed the claim as frivolous, making findings as to the motive of the prison guards and the severity of the beating. We find that the district court, just as did the district court in the *Sampley* case, "went well beyond what we authorized in [*Martinez v. Aaron*]. It accepted the factual findings of the prison investigation despite the conflicting pleadings and affidavits. [*Martinez*] did not authorize the substitution of prison officials for the court as fact finders." *Sampley,* 704 F.2d at 493 n. 3.

We approved the *Martinez* procedure under section 1915 as a means of determining jurisdiction, sorting and clarifying issues, and otherwise elucidating the often obscure complaints filed by pro se plaintiffs. The procedure should be used to determine

whether or not a relevant, bona fide dispute exists, not to resolve such a dispute.[1]

On the question of medical treatment, *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), is controlling. In that case, as in the case at hand, the plaintiff complained that he had been denied treatment by prison medical personnel, and that such denial constituted cruel and unusual punishment. The Court held that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle,* 429 U.S. at 105–6, 97 S.Ct. at 292.

This case does not involve the kind of immediate serious medical needs that would suggest a more critical examination of the paramedic defendant's motives. Plaintiff's complaint viewed as a whole reveals that his principal claim is that he was denied an X-ray of his lower back. This is the same claim as the plaintiff made in *Estelle,* where the court found as follows:

> whether the defendant sheriff had been deliberately indifferent to the plaintiff's complaints of inadequate ventilation in the jail. The pleadings and special report showed it to be undisputed that the sheriff had reported the complaints to the appropriate authorities, conclusively precluding a finding of deliberate indifference. We held the plaintiff's complaint to have been properly dismissed as frivolous under 1915(d), because even accepting all of plaintiff's allegations of fact as true, it was clear he could not have established through proof at trial that he was entitled to recover.

---

1. At issue in *Martinez v. Aaron* was whether personal property allegedly stolen from the plaintiffs by prison guards was or was not contraband. The special report taken together with the pleadings made clear that there was no bona fide dispute as to this issue—the property was indisputably contraband. We upheld the district court's dismissal of the complaint as frivolous under section 1915(d), because plaintiffs could have made no rational arguments on the law or the facts to support their claim.

  In the subsequent case of *Martinez v. Chavez,* 574 F.2d 1043, 1046 (10th Cir.1978), at issue was

Certainly an X-ray of [plaintiff's] lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing. But the question whether an X-ray—or additional diagnostic techniques or forms of treatment—is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court ....

*Estelle* at 107, 97 S.Ct. at 293 (quoting the court of appeals, 516 F.2d 937, 941 (5th Cir.1975)).

We need not consider the records produced by prison officials indicating that plaintiff has been seen by medical personnel on many occasions for a variety of reasons since the altercation and has been given a prescription pain reliever for his claimed back pain, because even taken on its face, plaintiff's allegation that he was denied X-rays does not rise to a constitutional level.

The district court's dismissal of plaintiff's claim that he was beaten in violation of the eighth amendment is vacated and the cause is remanded for further proceedings consistent with this opinion. The district court's dismissal of plaintiff's claim that he was denied medical treatment in violation of the eighth amendment is affirmed.