**Mack QUARRELS, Jr., Plaintiff,**

v.

**Connie BRETON, Defendant.**

**Civ. A. No. 86–CV–60040–AA.**

United States District Court, E.D. Michigan, S.D.

Oct. 10, 1986.

Mack Quarrels, Jr., in pro. per.

Martin J. Vittands, Asst. Atty. Gen., Detroit, Mich., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

LA PLATA, District Judge.

On February 5, 1986, Plaintiff, Mack Quarrels, Jr., formerly an inmate at the State Prison for Southern Michigan, instituted a federal civil rights action against Defendant, Connie Breton, a nurse at the prison. Therein, he alleged he suffered from chronic colitis in 1983 and 1984, which required him to receive medical treatment outside of the facility. On November 21, 1983, Dr. James Mayle, a specialist in internal medicine and gastroenterology, transmitted a letter to the prison officials recommending that Plaintiff be treated with sulfasalzadine to reduce his inflammation. Upon discovering that the letter was not received by the prison officials, Plaintiff submitted a copy to Defendant, asking her to convey it to the appropriate medical personnel at the prison. Plaintiff claims that Defendant omitted to inform anyone of the letter, but, rather, placed it in his file. As a result of Defendant's alleged omission, which Plaintiff labels as a deliberate indifference to his serious medical needs, Plaintiff claims that he continued to sustain pain and discomfort, for which he seeks compensatory and punitive damages.

This matter is before the Court on cross motions for summary judgment. Plaintiff attached three deposition transcripts to his Motion, which he argues demonstrate that Defendant, despite receiving the letter of Dr. Mayle, neglected to apprise the medical personnel of his need to be administered the medicine prescribed by Dr. Mayle.

In her Motion for Summary Judgment, Defendant asserted that, at most, she failed to submit a letter allegedly given to her by Plaintiff to the medical authorities. The letter of Dr. Mayle, dated November 21, 1983, was placed in Plaintiff's file. In the letter, Dr. Mayle diagnosed Plaintiff's condition as chronic idiopathic proctitis and expressed an opinion that if the symptoms persisted, he could be treated with sulfasalzadine or hydrocortisone enemas.

During his discovery deposition, Dr. Mayle stated that Plaintiff was referred to him in October, 1982. During that visit, one in July, 1983, and one in November, 1983, Plaintiff complained of a colon infirmity. Dr. Mayle mailed a letter in November, 1983, to Jill Hodgkins, a registered nurse at the Ingham Medical Center. Dr. Mayle testified that he did not have the authority to prescribe medicine for Plaintiff:

Q. (Defendant's attorney) All right. Now this of course—this letter is not a prescription, but it's a recommendation; correct?

A. (Dr. Mayle) Correct.

Q. You would not, there's no way you could prescribe for Mr. Quarrels; is there?

A. That's correct?

Q. That's because he's an inmate of the prison and they handle that through the prison, right?

A. That's correct.

Q. So this was the most you could do as far as getting any medication to him?

A. That's correct.

He further stated that the primary physician was not obligated to follow his recommendation:

Q. (Defendant's Attorney) May I assume that—if you were to assume for the moment that Mr. Quarrels complained about this condition at the prison after he saw you on November 21. That anyone with knowledge of your letter in the medical field would probably—or should probably have given him what you recommended to see if it would help him?

A. (Dr. Mayle) Well, as a consultant I can make a recommendation. There's no obligation of the primary physician to follow that recommendation.

Q. Well, all right. I understand that. The purpose of his seeing you of course was to get an opinion as to his condition and how to help him. And this was your thought, at least, on what could be done for him?

A. That's correct.

Dr. Mayle described Plaintiff's malady, chronic idiopathic ulcerative collitis, as a condition that is annoying but not serious. He commented that a patient with bowel disease incurs periodic inflammatory episodes. Additionally, he expressed an opinion that medicine will not cure the condition, but may alleviate the symptoms. According to Dr. Mayle, the only cure for the condition is surgery.

The medical records reflect that Plaintiff did not complain to any medical personnel at the prison between November, 1983, and his discharge in April, 1984, of colon pain. It is noteworthy that Plaintiff on at least two occasions refused to undergo a proctoscopy at the prison.

In *Estelle v. Gamble*, [1] the United States Supreme Court held that a prisoner's Eighth Amendment Rights to be free from cruel and unusual punishment may be violated where a prison official displays deliberate indifference to his serious medical needs. The Court further stated that "an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." [2] The fact that a physician committed medical malpractice does not give rise to a constitutional transgression solely because the victim is a prisoner.[3]

In *El'Amin v. Pearce*,[4] an inmate who allegedly was assaulted by correctional officers claimed that he was deprived of his Eighth Amendment Rights owing to Defendant's failure to take an X-ray of his lower back. The Court held that Plaintiff's allegations did not give rise to the deliberate indifference standard enunciated in *Estelle*, since they essentially involved a difference in opinion as to the proper course of treatment.[5]

In the matter at bar, Defendant, a nurse at the prison, allegedly neglected to impart to the medical personnel that a consulting physician recommended that Plaintiff be prescribed an antiinflammatory drug. The consulting physician indicated that the treating physician would not have been obligated to abide by the recommendation. The prescribed medication would not have cured the Plaintiff's colon condition, but may have lessened his pain and discomfort. Plaintiff did not allege that a pattern of conduct existed at the prison where Defendant or other staff members refused to

1. 429 U.S. 97, 104–105, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251 (1976). Analyzing the prisoner's claim under the Eighth Amendment, the *Estelle* Court found that the infliction of unnecessary suffering, which results from a denial of medical care, as being in conflict with contemporary standards of decency. Thus, when prison authorities exhibit deliberate indifference to a prisoner's serious medical needs, the indifference constitutes the wanton, unnecessary infliction of pain proscribed by the Eighth Amendment.

2. *Estelle* at 105–106, 97 S.Ct. at 291–292.

3. *Estelle* at 106, 97 S.Ct. at 292.

4. 750 F.2d 829 (10th Cir.1984).

5. *El'Amin* at 832–833.

impart a consulting physician's recommendation to the medical staff or otherwise refused to provide inmates with suitable medical care. Given the factual setting, the Court finds, as a matter of law, that, at most, Defendant committed negligence, and, thus, her actions did not amount to the deliberate indifference of the inmate's serious medical needs. By neglecting on one occasion to inform the medical staff of a recommendation of an inmate's consulting physician, Defendant cannot be held to have wantonly inflicted pain upon Plaintiff.

Consequently, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.