**Martin Luther REED; Cornelius Maple, Jr., Plaintiffs–Appellants,**

**v.**

**James DUNHAM; Board of Corrections, State of Oklahoma; Larry Meachum; Dept. of Corrections, State of Oklahoma; Robert Mitchell, II; Pardon and Parole Board, State of Oklahoma; Deputy Warden Bill Roller; Security Major**
**Glenn Ridgeway; Correctional Officer Crites; Correctional Officer Wright, Defendants–Appellees.**

**No. 88–1954.**

United States Court of Appeals,
Tenth Circuit.

Jan. 10, 1990.

Cornelius Maple, Jr., pro se.

Robert H. Henry, Atty. Gen., Robert A. Nance, Asst. Atty. Gen. Chief, Federal Div., Oklahoma City, Okl., for defendants-appellees.

Before McKAY, SEYMOUR, and TACHA, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs, Cornelius Maple, Jr. and Martin Luther Reed, appeal from a district court order dismissing their pro se prison civil rights action as legally frivolous under 28 U.S.C. § 1915(d) on the basis of the pleadings and a special report compiled in accordance with *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir.1978). *See generally Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir.1987).

The verified complaint sets forth three claims for relief, all directly or indirectly related to an incident at the Stringtown Correctional Center that resulted in plaintiff Reed receiving four knife wounds at the hands of James Porter, a fellow inmate:

(1) Cruel and unusual punishment and denial of equal protection, in that correctional officer William Wright allegedly displayed gross disregard in failing to come promptly to plaintiffs' aid while Porter was attacking Reed and Porter's associates were restraining Maple at knife point;

(2) Denial of proper and speedy medical assistance to plaintiff Reed following the conclusion of the violence; and

(3) Conspiracy to neglect and discriminate against plaintiffs in violation of eighth and fourteenth amendment strictures.

On this appeal we must decide whether, liberally construing plaintiffs' allegations, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), accepting them as true, *see Henriksen v.* *Bentley*, 644 F.2d 852, 854 (10th Cir.1981), but also viewing them within the context of the undisputed facts developed in the record, *see, e.g., Martinez v. Chavez*, 574 F.2d 1043, 1045–46 (10th Cir.1978); *cf. El'Amin v. Pearce*, 750 F.2d 829, 831–32 (10th Cir.1984), plaintiffs can make any argument, based upon law or fact, in support of the claims asserted. *See Neitzke v. Williams*, —— U.S. ——, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

■ With respect to the first claim, plaintiff's own allegations, as well as the *Martinez* report materials, establish that officer Wright was momentarily prevented from interfering in the attack by the same (allegedly armed) inmates restraining plaintiff Maple. Under the circumstances of this case, there simply is no arguable basis for a constitutional claim premised on officer Wright's failure to prevent injury to plaintiff Reed. *See Whitley v. Albers*, 475 U.S. 312, 319–22, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986) (allegations regarding measures taken by prison officer in response to violent disturbance posing significant risks to inmates and staff must go beyond mere dispute over reasonableness of particular course of action followed and support a reliable inference of obduracy and wantonness in order to implicate eighth amendment prohibition); *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) (prison officer cannot be held liable under fourteenth amendment due process clause for even a negligent failure to prevent an inmate assault); *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir.1988) (discussing *Whitley* and *Davidson* standards). We also note the complete absence of factual allegations supporting plaintiffs' conclusory reference to the denial of their rights to equal protection under the fourteenth amendment.

■ The second cause of action asserted herein, regarding deliberate indifference to serious medical needs, *see generally Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), re-

lates only to plaintiff Reed.[1] This claim is based on plaintiffs' allegation that aside from some attention from another inmate, plaintiff Reed went essentially untreated while correctional center staff waited an hour to depart for the local medical facility, where, another forty-five minutes later, plaintiff Reed was first seen by a physician and his stab wounds were finally sutured. The district court misread this claim as alleging "a mere difference of opinion" with the prison medical staff "as to the type and quality of medical care necessary under the circumstances," and dismissed it under numerous authorities holding that such an allegation cannot give rise to a cause of action under the civil rights statutes. *See, e.g., McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir.1977) and cases cited therein. Actually, the focus of the complaint is not on the character of the care received by plaintiff Reed, but on the prison's delay in furnishing it, and there is nothing in the record to indicate that the belatedness of plaintiff's treatment arose from or was justified by any competent medical opinion. The only reference in the *Martinez* report materials to any professional opinion in this regard concerns the response of the correctional center's physician on call, who, when contacted, directed the staff to transport plaintiff Reed to the local emergency room.[2]

Plaintiffs' credible allegation of an as yet inadequately explained delay of nearly two hours in the provision of full medical treatment for apparently serious stab wounds is clearly not frivolous. *See generally Cooper v. Dyke*, 814 F.2d 941, 943–46 (4th Cir.1987) (two-hour delay in providing adequate treatment of gunshot wound sufficient to warrant submission of deliberate indifference claim to jury despite jail officers' reliance on (erroneous) judgment of paramedics initially examining plaintiff); *Aldridge v. Montgomery*, 753 F.2d 970, 971–73 (11th Cir.1985) (evidence of over two-hour delay in taking inmate to hospital for treatment of cut over eye, ultimately requiring six stitches, enough to withstand motion for directed verdict); *Wood v. Worachek*, 618 F.2d 1225, 1227, 1232–33 (7th Cir.1980) (evidence of three-hour detention of plaintiff, without medical care for bruises, abrasions, and facial fracture, sufficient to support bench verdict in favor of plaintiff on deliberate indifference claim). Accordingly, in light of the liberal substantive standard for § 1915(d) determinations recognized by the Supreme Court in *Neitzke*, and this circuit's precautionary guidance on the limited scope of the *Martinez* procedure stated in and exemplified by such cases as *El'Amin* and *Sampley, supra* n. 2, dismissal of the second cause of action was improper.

Plaintiffs' remaining allegations, by which they attempt to substantiate a general discriminatory conspiracy claim, are unfocused, conclusory, and hopelessly deficient on the fundamental elements of agreement and concerted action. *See, e.g., Clulow v. Oklahoma*, 700 F.2d 1291, 1303 (10th Cir.1983), *overruled on other grounds sub nom, Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984), *aff'd*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Dismissal of this third claim under § 1915(d) was appropriate.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED in all respects except for its dismissal of plaintiff Reed's deliberate indifference claim, which disposition is

---

**1.** To whatever extent, if any, plaintiff Maple was intended to be included in plaintiffs' deliberate indifference cause, we would agree with the district court that his claim is frivolous.

**2.** We note as a general matter that while the *Martinez* report raises some important questions regarding the events described in the complaint, the report is meant only to identify and clarify bona fide disputes, not to resolve them. *See El'Amin*, 750 F.2d at 832; *Sampley v. Ruettgers*, 704 F.2d 491, 493–94 (10th Cir.1983). Furthermore, once it is determined, as we hold above, that a particular claim is not subject to dismissal under § 1915(d), a requested disposition of that claim premised upon materials outside the pleadings should be treated as a motion for summary judgment, with due regard for the requirements of notice and opportunity to respond specified in Fed.R.C.P. 56. *See* Fed.R. C.P. 12(b); *Sampley*, 704 F.2d at 493 n. 2.

VACATED and the cause REMANDED for further proceedings.