978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ken TANNER, Plaintiff-Appellant,
v.
Bill GARNER; Tay M. Dang, M.D.; Jon Tillinghast, M.D.; J.
Robert Dille, M.D.; Dr. Stites, Defendants-Appellees.
 No. 92-6147.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Ken Tanner, acting pro se, brought suit under 42 U.S.C. § 1983 (1988) alleging a violation of the Eighth Amendment. Mr. Tanner, an inmate, alleges that prison officials were deliberately indifferent to his medical needs, specifically the need for shoulder surgery and the need for a second pair of custom shoes.[1] The district court granted summary judgment for the defendants. We affirm.
 
 
 3
 Summary judgment is proper under Fed.R.Civ.P. 56(c) if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Id. In making this determination, the court must construe a pro se plaintiff's complaint liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference may be manifested by intentional denial or delay of access to medical care or intentional interference with treatment. Id. at 104-105. The Supreme Court has cautioned, however, that "every claim by a prisoner that he has not received adequate medical treatment [does not] state[ ] a violation of the Eighth Amendment." Id. at 105. A physician's negligence does not meet the deliberate indifference standard. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106; see also El'Amin v. Pearce, 750 F.2d 829, 832-33 (10th Cir.1984) (proper forum for medical malpractice is the state court); Daniels v. Gilbreath, 668 F.2d 477, 488 (10th Cir.1982) (deliberate indifference "is a more severe and exacting charge than malpractice"). "[A] mere difference of opinion between the prison's medical staff and the inmate ... does not support a claim of cruel and unusual punishment." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981); see also McCracken v. Jones, 562 F.2d 22 (10th Cir.1977), cert. denied, 435 U.S. 917 (1978); Smart v. Villar, 547 F.2d 112 (10th Cir.1976).
 
 
 5
 The facts as alleged by Mr. Tanner do not state a claim for deliberate indifference. The Department of Corrections did not ignore his needs for special shoes. In fact, it provided him with one set of custom shoes and offered to make necessary repairs on this set. Mr. Tanner refused to allow the repairs, demanding instead a second set of custom shoes. During the time the custom shoes would be in repair, the prison offered to provide Mr. Tanner with shoes having stuffed toes and a set of crutches, the same alterations he used before the custom shoes were made. Mr. Tanner's numerous visits to the prison medical staff, no physician ever recommended a second pair of custom shoes as a medical necessity. Thus, the failure to provide these shoes does not amount to deliberate indifference.
 
 
 6
 Similarly, while mentioned as necessary in the future, no physician has stated that surgery on Mr. Tanner's shoulder is required at the present time. Mr. Tanner's belief that surgery is required demonstrates only a difference of opinion, not deliberate indifference. Even if a non-prison physician had recommended surgery as medically necessary, this difference in medical opinion would not amount to deliberate indifference. See McCracken v. Jones, 562 F.2d 22 (10th Cir.1977) (no deliberate indifference when private doctor recommended surgery and prison doctor did not).
 
 
 7
 Because we hold that Tanner's complaint does not state a claim for deliberate indifference, we need not reach the statute of limitations and qualified immunity issues. The district court's decision is affirmed.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Mr. Tanner requires custom shoes because his toes were amputated due to frostbite. His shoulder injury stems from a gunshot wound sustained prior to his incarceration