989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mikell Patrick SMITH, Plaintiff-Appellant,
v.
James L. SAFFLE; Bobby L. Boone; Rita Andrews; Danny
Nace; Jerry Dowling; Perry Little John; Bobby Bryant;
Lloyd Basinger; Billy L. Key; George Dugan; Bruce H.
White; Gary D. Maynard; Larry A. Fields; Jerry Johnson;
Linda Morgan, Administrative Officer, Oklahoma State Prison;
Nancy Carpenter, Oklahoma State Prison; Larry Watson,
Sergeant, Oklahoma State Prison; KATHY STRONG, Correctional
Officer, Oklahoma State Prison, Defendants-Appellees.
 No. 92-7050.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and WESLEY E. BROWN,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Mikell Patrick Smith, an inmate at the Oklahoma State Penitentiary, brought an action pursuant to 42 U.S.C. § 1983 against various officials of both the penitentiary and the Oklahoma Department of Corrections alleging violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff alleged that these violations occurred after he was confined to a strip cell, chained to a bunk with four-point restraints, and denied food, personal property, hygiene articles, religious materials, the opportunity for outdoor exercise, and access to a minister, his attorney, and the courts. Plaintiff also alleged that during the time he was under four-point restraint, he was forced to lie in his own bodily excrement and was later impermissibly confined in a special cell in the disciplinary unit and subjected to further unconstitutional restrictions. He also complained he was denied visitation with his mother and that authorities filed a false misconduct report against him. Plaintiff received permission to proceed in forma pauperis under the authority of 28 U.S.C. § 1915.
 
 
 3
 The district court ordered defendants to prepare a report pursuant to the guidelines of Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978). After considering plaintiff's complaint, defendants' motion to dismiss and brief in support, and the Martinez report, the district court dismissed plaintiff's complaint as frivolous under 28 U.S.C. § 1915(d).[1] We hold that, in so doing, the district court abused its discretion. See Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987) (dismissal under § 1915(d) is reviewed for abuse of discretion). We, therefore, vacate the dismissal and remand this case for further proceedings.
 
 
 4
 In reaching its decision to dismiss the complaint, the court quoted from the Martinez report regarding plaintiff's violent history, his threats of violence against the staff, and the various means taken by prison authorities to deal with plaintiff. The report stated that
 
 
 5
 [p]laintiff is allowed underwear in his cell, outdoor exercise, laundry service, phone calls (legal and personal), access to a law clerk and minister, visitors, and personal hygiene items and property which cannot be made into weapons. These allegations have been addressed by the plaintiff in the grievance procedure and reviewed by defendants.
 
 
 6
 Rec.Vol. II, tab 48 at 2 (Order). Based on these representations, the court, after analyzing the restrictions under the standards of Turner v. Safley, 482 U.S. 78, 89-90 (1987), concluded that "the plaintiff has not suffered any deprivation of any constitutional rights by imposing special regulations upon the plaintiff which are reasonable and necessary for safety and security of the staff and other inmates, and plaintiff's claims are without merit." Id. In reaching this conclusion, the court impermissibly went beyond the bounds of the proper use of a Martinez report.
 
 
 7
 The purpose of a Martinez report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991) (citing Martinez, 570 F.2d at 318-19). Although a Martinez report may be considered in dismissing a claim as frivolous under § 1915(d), "it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." Id. (citing Reed v. Dunham, 893 F.2d 285, 287 n. 2 (10th Cir.1990); El'Amin v. Pearce, 750 F.2d 829, 832 (10th Cir.1984); Sampley v. Ruettgers, 704 F.2d 491, 493 n. 3 (10th Cir.1983)).
 
 
 8
 The district court relied on the Martinez report to conclude that "any special restrictions placed upon plaintiff were reasonable and necessary due to the plaintiff's violent actions and attitude." Order at 2. This conclusion, while it may be born out eventually, is premature when based only upon the information in the Martinez report.[2]
 
 
 9
 We further note that, while the Martinez report may have been an accurate reflection of the conditions of plaintiff's confinement at the time it was written, neither it nor the district court addressed plaintiff's claims of constitutional violation in the hours and days immediately following his confinement to the strip cell. Upon remand and further development of the record, these claims can be more fully explored, including plaintiff's claims that he was denied counsel, bedding, personal hygiene items, and access to the law library, and, further, that he was forced to lie in his own excrement while chained to the bunk. We note that the latter claim goes to the conditions of plaintiff's confinement, and that plaintiff, therefore, must demonstrate the deliberate indifference of prison officials, see Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991). The question of defendants' intent is "typically not a proper issue for resolution on summary judgment," Wilson v. Seiter, 893 F.2d 861, 866 (6th Cir.1990), vacated and remanded on other grounds, 111 S.Ct. 2321 (1991), and certainly not on a motion to dismiss pursuant to § 1915(d).
 
 
 10
 As alternate grounds for affirmance, defendants argue that plaintiff has failed to allege the personal participation of any of the defendants, an essential requisite of a § 1983 claim. We agree that to be liable an individual defendant must have been personally involved in the alleged deprivation of the plaintiff's rights. Coleman v. Turpen, 697 F.2d 1341, 1343 n. 7 (10th Cir.1982); Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976). This flaw in plaintiff's complaint, however, is not a basis upon which to dismiss his complaint as frivolous. If plaintiff is unable to amend his complaint to be more specific in his allegations regarding which of the defendants caused the deprivation of his rights, his case may be subject to dismissal under Fed.R.Civ.P. 12(b)(6), or he may have judgment rendered against him pursuant to a motion for summary judgment. That possibility, however, does not mean that, because plaintiff has failed to tie specific individuals to specific actions, his complaint should have been dismissed under § 1915(d). "The concern that pro se litigants have notice and opportunity to avoid dismissal of their legitimate claims by amending and supporting their pleadings militates against equating § 1915(d) and Rule 12(b)(6) standards." Hall, 935 F.2d at 1109 (citing Neitzke v. Williams, 490 U.S. 319, 329-30 (1989)).
 
 
 11
 Defendants also argue that they are entitled to qualified immunity, thus justifying dismissal of plaintiff's claims. Be that as it may, and without prejudice to any later showing by defendants on this defense, we have held that " '[w]here a public official has or may have a defense based on qualified immunity, ... dismissal of the complaint pursuant to 28 U.S.C. § 1915 is not appropriate....' " Yellen, 828 F.2d at 1475-76.
 
 
 12
 In addition to the dismissal of his complaint, plaintiff also objects to the district court's refusal to appoint counsel for him in this litigation. "There is no constitutional right to appointed counsel in a civil case." Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir.1989). There are circumstances, however, where appointment of counsel is appropriate. See McCarthy v. Weinberg, 753 F.2d 836, 838-39 (10th Cir.1985). The district court is vested with broad discretion in determining whether to appoint counsel, id. at 839, and "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned," id. The district court here did not abuse its discretion in denying plaintiff's motion for appointment of counsel. Plaintiff's motion for appointment of counsel on appeal is DENIED.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma denying plaintiff appointed counsel is AFFIRMED; that portion of the court's judgment dismissing plaintiff's complaint is VACATED; and this case is REMANDED for further proceedings consistent herewith.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 28 U.S.C. § 1915(d) provides
 The court may request an attorney to represent any ... person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
 
 
 [2]
 We note that a United States magistrate judge had notified the parties that "the Court [was] inclined to treat the affidavits supporting the parties' positions as a motion for summary judgment pursuant to the provisions of Fed.R.Civ.P. 56." Rec.Vol. II, tab 31 at 2. The eventual Order appealed from, however, states that only the complaint, defendants' motion to dismiss, plaintiff's response to the motion, and the Martinez report were considered. Defendants' motion for summary judgment and the supporting brief (the latter not part of the record on appeal) were apparently not part of the court's deliberation. Further, the Order clearly relies on § 1915(d), characterizes the claims as frivolous, and dismisses them
 Even if the court had considered matters outside of the pleadings so that its action could be viewed as a grant of summary judgment to defendants, summary judgment would have been inappropriate in light of plaintiff's claim that he was required to lie in his own excrement during the time he was restrained, a claim unrebutted anywhere in the record. See Young v. Quinlan, 960 F.2d 351, 365 (3d Cir.1992) (forcing prisoner to remain in cell for several days without being allowed to use toilet facilities states a claim under the Eighth Amendment).