**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLOTTA ANN ROSS,

      Plaintiff-Appellant,

v.

HAL SANDBERG,

      Defendant-Appellee.

Case No. 97-1200

(D.C. 94-B-1180)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Inmate Carlotta Ross, proceeding in forma pauperis, brought this action under 42 U.S.C. § 1983 against Officer Sandberg, who, at the time of the alleged

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

events, was a Maintenance Officer at the Colorado Women's Correctional Facility where Ms. Ross was incarcerated. Ms. Ross alleges violations of the Eighth and Fourteenth Amendments, arising from Officer Sandberg's alleged assault upon her with a plank of wood. Ms. Ross seeks $250,000,000.00 in compensatory damages. The district court adopted the magistrate judge's recommendations and granted summary judgment in favor of Officer Sandberg. Ms. Ross appeals, and we affirm.

"We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law. See Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir. 1991). We construe the record in the light most favorable to the nonmoving party. See Wolf, 50 F.3d at 796.

Ms. Ross worked in the maintenance building of the correctional facility. She alleges that she and Officer Sandberg had worked in the same location for at least four weeks. The project they worked on involved welding or the use of metal cutting tools. Ms. Ross alleges that when Mr. Sandberg entered the building, he picked up a 2" x 2" x 4' plank of wood and, without warning or provocation, "rammed" it into her lower back. Rec. doc. 64, Ex. A at ¶ 10. He

2

then threatened her by stating, "I'm going to shut you the fuck down," id. at ¶ 11, and Ms. Ross responded by "yell[ing] at Mr. Sandberg in response to the attack." Id.

Although Officer Sandberg's version of the story differs, he admits he "touched" Ms. Ross in the back with a 2" x 2" baluster. Rec. doc. 54, Ex. A at 27 (deposition of Officer Sandberg). He claims he was working alongside Ms. Ross, who kept encroaching on his work area and bumping into him. He asked her to move on several occasions. Finally, he nudged her with the baluster to warn her not to bump into him anymore and said "'this [nudging] is the least that can happen to you.'" Id. Ms. Ross then "started raising hell" and claimed that he hit her. Id. at 32.

Ms. Ross went to the infirmary for treatment and reported the incident to the medical staff. She complained of pain in the mid-back area and stated she had intermittent lower back pain since an earlier fall. The medical report states "[n]o visible red mark, abrasion or muscle spasm detected." Rec. doc. 54, Ex. C attach. (Med. Rec., dated February 11, 1994). A medical report from an examination several days later notes "no areas of redness, abrasions, or bruises." Id. (Med. Rec., dated February 14, 1994).

At the request of Officer Sandberg, Ms. Ross underwent an independent evaluation in July 1995. The report prepared after this evaluation indicates that

3

Ms. Ross suffers from spondylosis and chronic pain.  Its states that "it is unlikely that a blow to the back would cause her significant spondylosis.  It may cause her some tissue injury, or bring about an exacerbation of a pre-existing problem, but certainly a blow to the back would not cause her to have significant lumbar spondylosis immediately."  Rec. doc. 54, Ex. D attach. at 4 (Letter to Ms. Miriam Karkanen, dated July 26, 1995).

The record does not indicate that Ms. Ross suffered any bruising, abrasions, or redness from the contact with the baluster.  We recognize that to assert an Eighth Amendment claim, a serious injury is not required, but it is certainly relevant to our inquiry.  See Hudson v. McMillian, 503 U.S. 1, 7 (1992) ("The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it.").

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)) (internal citations omitted).  "[A] prison guard's use of force against an inmate constitutes 'cruel and unusual punishment' when it involves 'the unnecessary and wanton infliction of pain.'"  El'Amin v. Pearce, 750 F.2d 829, 831 (10th Cir. 1984) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  The ramming of an

4

inmate with a baluster might rise to this level, but the record does not support a finding that that is what happened here.

Mr. Sandberg's actions were potentially dangerous and should not be approved. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. We agree with the magistrate judge that there is no evidence that Officer Sandberg used force in a malicious or sadistic manner, such that contemporary standards of decency were violated. See Rec. doc. 71 at 10; Hudson, 503 U.S. at 9. This touching may be a simple battery, but it does not give rise to a constitutional claim. Therefore, we need not address Officer Sandberg's qualified immunity defense.

Accordingly, we AFFIRM the district court's grant of summary judgment to Officer Sandberg.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge