**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

NATHANIEL JACKSON,

      Plaintiff - Appellant,

vs.

RON WARD, Warden of OSP; JERRY
KIRKPATRICK, CO II, Lieutenant;
CURTIS HOOD, CO I, Sergeant; C.
GILLEY, CO I; CARL BORNHIEM,
CO I; PAUL BROWN, CO II; C.
INGRAM, CO I; D. PETTY, CO II; J.
GIADRONE, CO I,

      Defendants - Appellees.

No. 98-7181
(D.C. No. 97-CV-60-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Plaintiff-Appellant Nathaniel Jackson, an inmate appearing pro se and in

forma pauperis, appeals from the district court's dismissal of his civil rights

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

claims under 42 U.S.C § 1983, alleging use of excessive force in violation of the Eighth Amendment and denial of due process in violation of the Fourteenth Amendment because force was used without proper authorization. Defendants are the warden and correctional officers at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. Mr. Jackson seeks both compensatory and punitive damages for alleged constitutional violations by Defendants during his incarceration at OSP.

Although Defendants moved for summary judgment, the district court dismissed Mr. Jackson's claims against Defendants in their individual capacities sua sponte as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). It also held that, to the extent that Mr. Jackson seeks damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment. Mr. Jackson does not appeal the latter ruling. However, he contends that the district court erred in dismissing his claims pursuant to § 1915(e)(2)(B)(i) because (1) his factual contentions were not baseless, nor did his legal theories indisputably lack merit; (2) the court improperly relied on a Martinez report and other evidence submitted by Defendants; and (3) genuine issues of material fact remain in dispute. He also challenges the district court's refusal to appoint counsel on his behalf. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

## Background

The undisputed facts are these: On May 31, 1995, Mr. Jackson was to be reassigned to a different cell at OSP. He refused, and Defendant correctional officers responded with force to move him to his new cell. At some point, Mr. Jackson broke a food tray and wielded a piece of it at the guards. He was injured in the altercation and subsequently filed § 1983 claims against Defendants.

At the district court's request, the Oklahoma Department of Corrections ("DOC") prepared a Martinez report and submitted it with Defendants' answer. Defendants then filed a motion for summary judgment, but the court dismissed Mr. Jackson's claims sua sponte under § 1915(e)(2)(B)(i). The court relied heavily on the Martinez report in holding that Mr. Jackson's claims were frivolous. See R. doc. 38 at 3-4. Although it did not directly discuss Mr. Jackson's Due Process claim, it appears to have dismissed that claim as well on the ground that it was "vague and conclusory." Id. at 4.

## Discussion

Appellate courts review the dismissal under § 1915(e)(2)(B)(i) for abuse of discretion. See Harper v. Showers, No. 97-60822, 1999 WL 284958, at *4 n.3 (5th Cir. May 24, 1999); McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). To determine if a district court abused its discretion in dismissing an

action as frivolous pursuant to § 1915(e)(2)(B)(i), we consider, inter alia, whether the plaintiff is proceeding pro se and whether the district court inappropriately resolved genuine issues of material fact. See Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 940 (5th Cir. 1999). However, if the district court relied on evidence outside the pleadings to resolve disputed issues of material fact, as it did here, we treat the matter "as a dismissal under Fed. R. Civ. P. 56 and not as a dismissal under 28 U.S.C. § 1915(e)(2)(B)." Raymer v. Enright, 113 F.3d 172, 174 n.1 (10th Cir. 1997); see also Hall v. Belmon, 935 F.2d 1106, 1109 (10th Cir. 1991) ("Although a court may consider the Martinez report in dismissing a claim pursuant to § 1915(d) [now designated § 1915(e)], it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits." (citation omitted)).

We review a grant of summary judgment de novo and consider the record in the light most favorable to the nonmovant. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Because the district court in Mr. Jackson's case ignored genuine issues of material fact, as discussed below, dismissal was inappropriate under either Rule 56(c) or § 1915(e)(2)(B)(i). See id. (articulating standard for summary

judgment); <u>Humphries</u>, 164 F.3d at 940 (discussing abuse of discretion standard for § 1915(e)(2)(B)(i) dismissals); <u>Moore v. Holbrook</u>, 2 F.3d 697, 701 (6th Cir. 1993) (although court used correct legal analysis, summary judgment improper where decision is based upon disputed facts).

The district court held that Defendants used force against Mr. Jackson in good faith to maintain order or restore discipline, rather than sadistically or maliciously, and therefore did not violate his Eighth Amendment rights. <u>See</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986). In making this determination, the court appears to have improperly relied on the <u>Martinez</u> report prepared by the DOC, which conflicted with evidence that Mr. Jackson presented. <u>See</u> R. doc. 38 at 3-4; <u>Hall</u>, 935 F.2d at 1111; <u>El' Amin v. Pearce</u>, 750 F.2d 829, 832 (10th Cir. 1984). Because Mr. Jackson's complaint alleged facts based on his personal knowledge and was sworn under penalty of perjury, it can be considered an affidavit controverting the <u>Martinez</u> report. <u>See</u> <u>Hall</u>, 935 F.2d at 1111.

Defendants contend that they were ordered to move Mr. Jackson to a new cell and that, when they opened the door, he made a food tray into a weapon and threatened them with it. <u>See</u> R. doc. 30 at 2-3. In contrast, Mr. Jackson argues that he only wielded the broken tray after the guards approached him in a menacing manner and that it did not constitute a lethal weapon. <u>See</u> R. doc. 35 at 2-3. He also alleges that he is African-American; that the officers who forcibly

moved him to a new cell are Caucasian; and that they brutally beat him. See R. doc. 2 (attachment A). Careful review of the record convinces us that other material facts remain in dispute, including but not limited to whether the officers kicked, hit, and poked Mr. Jackson and engaged in other violence toward him. Such disputed facts are material to determining if the officers used force in good faith to preserve prison discipline and security, see Whitely, 475 U.S. at 320-21, 325, and thus if their conduct warrants deference. See id. at 321-22.

Because Mr. Jackson has presented some evidence, including signed statements from other inmates, that the guards approached him in a threatening way, assaulted him and continued to kick him when he lay on the floor unarmed, see R. doc. 35 (attachments), a jury could find the guards' use of force to be an "unnecessary and wanton infliction of pain." Whitely, 475 U.S. at 320. Because the essential inquiry at the summary judgment stage is whether a reasonable jury could return a verdict for the nonmovant on the evidence presented, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), the district court erred in dismissing Mr. Jackson's Eighth Amendment claim under § 1983.

The court also seems to have relied on medical records indicating that Mr. Jackson's injuries were not severe when it determined that his complaint lacked an arguable basis in law or fact. See R. doc 38 at 3 (noting minor bruising to eye area and superficial lacerations). In contrast, Mr. Jackson asserts, the blows

inflicted upon him damaged his eye and caused him to bleed from his nose and mouth. See R. doc. 2 (attachment A); R. doc. 35 at 4. According to the Supreme Court, the extent of injury is but one relevant factor, and an insignificant injury does not end the Eighth Amendment inquiry. See Hudson v. McMillian, 503 U.S. 1, 2 (1992). Thus, even if Mr. Jackson failed to present sufficient evidence of serious bodily harm, the district court erred in holding that his Eighth Amendment claim was foreclosed.

With regard to the Fourteenth Amendment claim, "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir. 1993). The district court did not directly address this claim, but we conclude that Mr. Jackson's vague and general allegations, raised in his complaint and not addressed in his summary judgment response, were insufficient to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii); Hall, 935 F.2d at 1110. Although we construe a pro se litigant's pleadings liberally, "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." Hall, 935 F.2d at 1110. Thus, the district court properly dismissed Mr. Jackson's Fourteenth Amendment claim. Of course, he retains other protection from arbitrary action, such as that afforded by the Eighth Amendment, see Sandin v.

Conner, 515 U.S. 472, 487 n.11 (1995), and because we reverse the dismissal of his Eighth Amendment claim, he is not without legal recourse.

Mr. Jackson also challenges the district court's refusal to appoint counsel on his behalf. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). After reviewing the record, we are convinced that Mr. Jackson understands the fundamental issues in his case and can present his arguments coherently and intelligently. See id. We find no abuse of discretion in denying him appointed counsel.

However, because the district court inappropriately resolved disputed issues of material fact, relying on the Martinez report submitted by Defendants and ignoring contrary evidence that Mr. Jackson presented, we REVERSE IN PART and AFFIRM IN PART its dismissal of Mr. Jackson's case and REMAND for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge