996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry VERNON, Plaintiff-Appellant,
v.
MARRIOTT HOTEL OF ALBUQUERQUE; John Does One and Two,
Security Guards at the Marriott Hotel; Albuquerque Police
Department, in their individual capacities, separately and
in the aggregate, Police Officers of the Albuquerque Police
Department, Defendants-Appellees.
Jerry Vernon, Plaintiff-Appellant,
v.
Lorraine STEVENS, a/k/a L.M. Stevens; a/k/a Lorraine
Stevens Hertel; Steven Stevens; Stevan Stevans;
James Stevens, a/k/a Jim Stevens,
Defendants-Appellees.
Jerry VERNON, Plaintiff-Appellant,
v.
Donald CRUTCHFIELD, Captain; Ben Ray, Sergeant; Larry
Sanchez, Larry Naranjo, John (Ron) Spinks, John Rudolph, Dan
Brown, John D. Leon, Joe Martinez, Bernalillo County
Detention Officers; Eddie Pino; Dennis R. Anderson; Dan
Houston, Captain; Roy Lee; Ken Fisher; Bernalillo County
Detention Center; Albuquerque Police Department; Juan
Reyes, Officer; Larry Hall, James Spain; James D. Stevens,
Sr.; James D. Stevens, Jr.; Steven M. Stevens; William
Short, Judge; Michael Brusuelas; University Hospital;
Lyle Talbot Insurance Agency; County of Bernalillo; City
of Albuquerque, in their individual capacities, separately
and in the aggregate, severally, and/or their successors in
office and all other similarly situated with them,
Defendants-Appellees.
 Nos. 93-2010 to 93-2012.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Vernon, a pro se litigant, appeals the dismissal of three § 1983 suits. We exercise jurisdiction and affirm.
 
 
 3
 * Mr. Vernon's pro se complaint, based upon 42 U.S.C. § 1983, alleges the following facts. Mr. Vernon checked into a hotel and discovered gaseous smoke entering his room through a hole in the window frame. He notified the hotel security guards who called the police department. During the course of the investigation, the officers were allegedly rude to the plaintiff. The suit was filed against the hotel, two security guards, the police department, and the police officers.
 
 
 4
 The district court sua sponte dismissed pursuant to 28 U.S.C. § 1915(d), finding the complaint legally frivolous. Mr. Vernon appeals, restating the facts alleged in his complaint, and complaining of violations of due process, equal protection, and Eighth Amendment rights. We liberally construe plaintiff's allegations to determine whether plaintiff can make any argument, based on law or fact, in support of the claims asserted. Reed v. Dunham, 893 F.2d 285, 286 (10th Cir.1990).
 
 
 5
 A § 1915(d) dismissal is properly reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous when based on an indisputably meritless legal theory or its factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). We find no abuse of discretion in dismissing this complaint as frivolous. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The claims against the hotel and security guards must necessarily be dismissed since no legal theory supports a claim against these defendants as they are not state actors. Additionally, even construing the factual allegations in favor of the plaintiff, he has alleged no facts demonstrating a constitutional violation.
 
 II
 
 6
 In a separate complaint, plaintiff brought a § 1983 action against various members of the family of a homicide victim allegedly killed by plaintiff. Mr. Vernon provides documentation showing defendants made harassing telephone calls placed to plaintiff's residence after the homicide. Once again, the district court dismissed the complaint as legally frivolous. Plaintiff appeals complaining of violations of his Eighth Amendment rights and violation of the federal telecommunications code.
 
 
 7
 Plaintiff fails to perceive that no remedy under § 1983 exists in federal court against private citizens. Plaintiff recognizes in his brief that none of the defendants are state actors. Without state action, the § 1983 claim must necessarily be dismissed.
 
 III
 
 8
 Plaintiff's third complaint revolves around the confusion by the police in transporting the plaintiff to the wrong hospital after another incident involving the victim's family. A § 1983 lawsuit was filed against various members of the Albuquerque Police Department and the Bernalillo County Detention Center. The district court again found the complaint to be legally frivolous. This time plaintiff appeals contending (1) defendants conspired to violate plaintiff's constitutional and civil rights contrary to the Fifth, Eighth, Thirteenth, and Fourteenth Amendments; (2) defendants violated plaintiff's constitutional rights to be free from cruel and unusual punishment and right to be free from unreasonable searches and seizures; and (3) the procedures used by defendants were in violation of due process.
 
 
 9
 Accepting the fact that defendants transported plaintiff to the wrong hospital as true, plaintiff still fails to allege a constitutional violation as required by § 1983. Therefore, the district court properly dismissed this complaint as frivolous.
 
 
 10
 Mr. Vernon's arguments lack legal merit. We AFFIRM for substantially the same reasons as set forth by the district court. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3